IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE S. LOUIE,<br><br>    Plaintiff,<br><br>  v.<br><br>HILTON, 39900 Balentine Drive, Newark, CA,<br><br>    Defendant.<br>_____/ | No. C 07-00833 CRB<br><br>**ORDER OF REMAND** |

      Defendant removed this state-law disability access lawsuit to this Court on the ground that under the "artful pleading doctrine" the complaint presents a federal question. Now pending before the Court is defendant's response to the Court's order to show cause why this lawsuit should not be remanded for lack of jurisdiction. After carefully reviewing defendant's response and plaintiff's complaint, the Court concludes that defendant has not met its burden of proving that removal was proper.

      Plaintiff's complaint expressly makes claims under state law only: California Disabled Persons Act, California Unruh Act, and California Health and Safety Code Part 5.5. Defendant relies on <u>Pickern v. Best Western Timber Cove Lodge Marina</u>, 194 F.Supp.2d 1128 (E.D. Cal. 2002) to support its assertion that plaintiff's injunctive relief claims nonetheless raise a federal question under the Americans With Disabilities Act.

      In <u>Pickern</u>, the district court explained that a violation of the federal Americans With

Disabilities Act ("ADA") *or* the California Building Code constitutes a violation of the California Disabled Persons Act and the Unruh Act. Id. at 1131 and n.4 (citing Cal. Civ. Code § 54; Cal. Health & Safety Code § 19955; Cal. Code Regs. Title 24 § 1134B.1,2); see also Mannick v. Kaiser Foundation Health Plan, Inc., 2006 WL 2168877 *16 (N.D. Cal. July 31, 2006) ("Under the CDPA, a plaintiff can show either that the ADA was violated, or that the facility in question does not comply with the California Building Code requirements for disabled access ('Title 24')"). The court went on to opine, in dicta, that "it is possible for a state law claim for injunctive relief to be premised *solely* on a violation of the ADA." Pickern, 194 F.Supp. at 1131 n.5.

> Such a claim would be no different from a federal ADA claim. Federal jurisdiction must exist in those circumstances. Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims.

Id. Defendant argues that the language of plaintiff's prayer for relief demonstrates that plaintiff is seeking injunctive relief under the California Disabled Persons Act and the Unruh Act for a violation of the ADA and therefore the claim for injunctive relief under these state statutes presents a federal question.

While plaintiff's complaint can be read as seeking injunctive relief under state law for a violation of the ADA, it cannot be read as seeking "injunctive relief to be premised *solely* on a violation of the ADA." Id. (emphasis added). The complaint specifically requests injunctive relief for defendant's alleged failure to comply with the California Building Code. Complaint ¶¶ 59, 63, 69. Moreover, the complaint specifically disavows any intent to seek any injunctive relief that is beyond that required by state law. Id. ¶ 55. In sum, even assuming the dicta in Pickern is correct, defendant has not shown that plaintiff has made such a claim. Accordingly, this action is REMANDED to the Superior Court for the County of Alameda.

**IT IS SO ORDERED.**

Dated: March 22, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\0833\orderofremand.wpd     3